UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN NEWMAN,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 22-cv-02799-CRB   (SK)<br><br>**ORDER ON DISCOVERY DISPUTES**<br><br>Regarding Docket No. 53 |

Now before the Court is the joint discovery letter brief filed on May 3, 2024, to address the parties' discovery disputes. Plaintiff seeks to compel to produce documents responsive to his first set of requests for production of documents and responses to interrogatories. Plaintiff also seeks an order requiring Defendant to produce four witnesses for deposition.

**A.     Request for Production of Documents.**

Plaintiff issued his first set of requests for production of documents, with 86 categories of documents, and Defendant responded. (Dkt. No. 53 (Ex. 1).) In many of the responses, after objecting, Defendant then stated that it:

> refers Plaintiff to [its] initial disclosures and corresponding document production. [Defendant] is willing to meet and confer with Plaintiff regarding the production of specific documents responsive to this request, to the extent that they had not already been produced.

(*Id*.) These responses do not comply with Federal Rule of Civil Procedure 34, which states:

> (B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for

>> inspection specified in the request or another reasonable time specified in the response.
>
> (C) *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34 (b)(2). Defendant is required to state whether it will produce the documents or whether it has already produced the specific documents without simply referring to the initial disclosures. Also, to the extent that Defendant objects, Defendant must identify the documents withheld on the basis of the objection. The Court ORDERS Defendant to provide responses compliant with Rule 34 by May 31, 2024.[1] After Plaintiff receives code-compliant responses, if Plaintiff still contends that Defendant's responses or production is deficient, Plaintiff may then, after meeting and conferring with Defendant, file a letter brief to address Plaintiff's claimed deficiencies.

**B.    Interrogatories.**

Plaintiff served a set of 23 interrogatories and Defendant responded. (Dkt. No. 53 (Ex. 2).) In many of the responses, Defendant objected and then stated that it "refers Planitiff" to its initial disclosures and corresponding document production." (*Id*.) These responses do not comply with Federal Rule of Civil Procedure 33, which states:

> **(d) Option to Produce Business Records**. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> > (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> > (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33. Defendant's responses which refer to its initial disclosures is not specific

---

[1] Some of the responses comply with Rule 34, as Defendant agrees to produce responsive documents.

2

enough to satisfy Rule 33.  Also, Defendant responds to some Interrogatories by referring to other responses.  Again, those response do not comply with Rule 33.[2]  The Court ORDERS Defendant to provide responses compliant with Rule 33 by May 31, 2024.  Again, after Plaintiff receives code-compliant responses, if Plaintiff still contends that Defendant's responses are deficient, Plaintiff may then, after meeting and conferring with Defendant, file a letter brief to address Plaintiff's claimed deficiencies.

**C.     Depositions.**

Plaintiff seeks to compel depositions of four witnesses.  Defendant claims that the parties have been meeting and conferring to schedule them.  The Court finds that this request is thus premature and DENIES WITHOUT PREJUDICE Plaintiff's request.

**D.     Sanctions.**

Plaintiff seeks sanctions against Defendant.  The Court DENIES the request for sanctions.

**IT IS SO ORDERED**.

Dated: May 8, 2024

_Sallie Kim_
SALLIE KIM
United States Magistrate Judge

---

[2] Some of Defendant's responses comply with Rule 33, and it does not appear that Plaintiff challenges those responses.

3